**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ERCHONIA CORPORATION LLC**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**<br><br>　　　　　　Defendants. | **Civil Action No. 1:25-cv-13039** |

**COMPLAINT**

Plaintiff Erchonia Corporation LLC ("Erchonia") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants"), and alleges as follows:

**I. JURISDICTION AND VENUE**

1.　This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can

1

purchase products featuring Plaintiff's patented technology. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented technology to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. Joinder in this matter is proper under 35 U.S.C. § 299(a) as the Defendants are all offering for sale the same infringing product, MaxMaster Slim, and this case will involve common questions of fact to all Defendants. Furthermore, as explained in detail below, all Defendants identify themselves by the same company brand (PerfectLaser) using the same stylized font and the same stylized two-toned, winged-female image on the Defendant Internet Stores. Some of the Defendant Internet Stores also display the identical photo showing the same employees or the same photo of their factory. These facts establish a logical relationship between them suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

## II. INTRODUCTION

4. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed patented products, namely the MaxMaster Slim green laser machine shown in **Exhibit 1** that infringes Plaintiff's patents. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patents, as well as to protect unknowing consumers from purchasing non-FDA approved infringing products over the Internet.

Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented green laser system because of Defendants' actions. Plaintiff seeks injunctive relief.

### III. THE PARTIES

**Plaintiff Erchonia Corporation LLC**

5. Plaintiff Erchonia Corporation LLC ("Plaintiff" or "Erchonia") was founded in 1996 and is a world leader in medical-grade laser therapy technology for physicians, chiropractors, physical therapists, podiatrists, osteopaths, aesthetic clinics, and many other types of medical/health professionals.

6. Erchonia's range of non-thermal, low-level laser therapy (LLLT) devices are used in many areas, including pain relief, fat removal, cellulite reduction, fungal nail treatment and more.

7. Erchonia has 22 FDA-clearances for low-level-laser applications in the medical field and the efficacy of its devices has been proven by multiple level 1, double blind, randomized, placebo-controlled, and multi-site clinical studies.

8. Plaintiff is the owner of two U.S. Patents relevant to this litigation. True and correct copies of the two patents are attached hereto as **Exhibit 2** and **Exhibit 3** (the "Patents").

9. Plaintiff is the owner of all right, title and interest in the Patents, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents. Plaintiff also has the exclusive right to make, use, sell, and offer to sell, any product embodying the inventions disclosed in the Patents. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents by Defendants.

10. Plaintiff's Emerald Laser, a commercial embodiment of the claims disclosed in the Patents, is an FDA Market-Cleared full body fat loss treatment device that allows clients to target areas of stubborn fat. It treats overall body circumference and is the only device FDA cleared to treat those with a BMI up to 40.

11. Plaintiff has established its products as the first to market, protected by Patents, and has an established reputation and quality reviews.

12. Plaintiff's products are well received by customers who desire a novel and efficient tool to safely target their fat cells using safe low powered lasers.

**Defendants**

13. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patents in the same transaction, occurrence, or series of transactions or occurrences.

14. As shown in **Exhibit 5,** all Defendants identify themselves as PerfectLaser. They all use the same stylized font for printing their name, Perfect Laser. (Ex. 5). Furthermore, they all use the identical stylistic winged-woman image in two-toned blue and purple with their name PerfectLaser. (Ex. 5). Some of the Defendant Internet Stores also show the identical photograph of their employees or identical photograph of "our factory." (Ex. 5 at 1-3). This evidence supports that the Defendants are an interrelated group of entities and thus are properly joined.

15. Furthermore, all Defendants sell and/or offer for sale the same infringing product, MaxMaster Slim, as shown in **Exhibit 1**. The infringement analysis of the MaxMaster Slim is the same regardless of who sells the product and therefore all questions of fact and law are common to all defendants in this case.

16. Defendants are interrelated business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Defendants target the United States, including Illinois, and have offered to sell, ready to ship, and, on information and belief, have sold and continue to sell the MaxMaster Slim to consumers within the United States, including the State of Illinois.

17. As demonstrated by PerfectLaser creating multiple marketplace accounts on various platforms, Defendants regularly create new online marketplace accounts on various platforms to avoid accusations of infringement. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

18. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online marketplace accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of transaction histories from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based accounts to China-based bank accounts outside the jurisdiction of this Court.

19. Plaintiff has not licensed or authorized Defendants to use the inventions claimed in the Patents, and none of the Defendants are authorized retailers of Plaintiff's Products. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Patents, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and,

5

on information and belief, each Defendant has sold the MaxMaster Slim into the United States, including Illinois.

20. Defendants' infringement of the Patents in the offering to sell, selling, or importing of the MaxMaster Slim is willful.

21. Defendants' infringement of the Patents in connection with the offering to sell, selling, or importing of the MaxMaster Slim, including the offering for sale and sale of the MaxMaster Slim into Illinois, is irreparably harming Plaintiff.

22. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Erchonia is entitled to an award of attorneys' fees.

## IV. COUNT I
## INFRINGEMENT OF UNITED STATES PATENT IN EXHIBIT 3
## (35 U.S.C. § 271)

23. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use the MaxMaster Slim that infringes directly and/or indirectly the system claimed in the patent in **Exhibit 3**. Infringement by the MaxMaster Slim is demonstrated by the claim chart in **Exhibit 3-1**.

25. Upon information and belief, Defendants have, at a minimum, had pre-suit constructive knowledge of the patent as evidenced by, among other things, their blatant copying of the Erchonia Emerald Laser's patented and non-patented design elements (*e.g.*, **Exhibit 4**), as well as their marketing of the MaxMaster Slim with statements solely attributable to the patented Erchonia Emerald Laser. For instance, Defendants market the MaxMaster Slim as being FDA-

6

cleared or -certified; however, such FDA-clearance has only been issued with respect to the Erchonia Emerald Laser.

26. Furthermore, to the extent Defendants allege they were unaware pre-suit that they were infringing the patent, their lack of knowledge was based on being willfully blind to the possibility that their acts would cause infringement. For example, even an elementary review by Defendants of the Erchonia Emerald Laser webpage (https://www.erchonia.com/products/emerald-laser/) would have placed them on notice of the patent.

27. Moreover, Defendants have known of the patent and their past infringement thereof since at least the service date of this Complaint. Defendants nevertheless continue to act in wanton disregard of Erchonia's patent rights.

28. Defendants have infringed the patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

29. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the patent, Plaintiff will continue to be greatly and irreparably harmed.

## V.  COUNT II
## INFRINGEMENT OF UNITED STATES PATENT IN EXHIBIT 2
## (35 U.S.C. § 271)

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

31. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use the MaxMaster Slim that indirectly infringes the method claimed in the patent in **Exhibit 2**. Defendants' customers directly infringe by using the MaxMaster Slim as demonstrated by the claim chart in **Exhibit 2-1**. As shown in the claim chart, use of the MaxMaster Slim performs all steps required for direct infringement and therefore the MaxMaster Slim is a material contribution for the direct infringement.

32. Upon information and belief, Defendants have, at a minimum, had pre-suit constructive knowledge of the patent as evidenced by, among other things, their blatant copying of the Erchonia Emerald Laser's patented and non-patented design elements (*e.g.*, **Exhibit 4**), as well as their marketing of the MaxMaster Slim with statements solely attributable to the patented Erchonia Emerald Laser. For instance, Defendants market the MaxMaster Slim as being FDA-cleared or -certified; however, such FDA-clearance has only been issued with respect to the Erchonia Emerald Laser.

33. Furthermore, to the extent Defendants allege they were unaware pre-suit that they were encouraging their respective customers to infringe the patent, or contributing to such infringement, their lack of knowledge was based on being willfully blind to the possibility that their acts would cause infringement. For example, even an elementary review by Defendants of the Erchonia Emerald Laser webpage (https://www.erchonia.com/products/emerald-laser/) would have placed them on notice of the Patents-in-Suit.

34. As demonstrated by the attached claim chart (Ex. 2-1), the MaxMaster Slim has no substantially non-infringing use and, in fact, have no use other than would infringe the asserted claim.

35. Moreover, Defendants have known of the patent and their past infringement thereof since at least the service date of this Complaint. Defendants nevertheless continue to act in wanton disregard of Erchonia's patent rights.

36. Defendants are and have been committing the act of inducing infringement by specifically intending to induce infringement by providing the MaxMaster Slim to their customers and by aiding and abetting its use in a manner known by Defendants to infringe the asserted claims. As shown in the attached claim chart, Defendants advertise the features of the MaxMaster Slim such that use of the MaxMaster Slim necessarily satisfies each and every limitation of the asserted claim. Through their marketing and advertising of the features that infringe the asserted claim, Defendants therefore encourage their customers to perform steps that infringe the claimed method knowing that performance of the steps infringe the asserted claim.

37. Defendants have indirectly infringed, both contributorily and by inducement, the patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

38. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the patent, Plaintiff will be greatly and irreparably harmed.

## VI. JURY DEMAND

39. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the Patents have been infringed directly and/or indirectly, either literally and/or under the doctrine of equivalents, by Defendants;

b. That Defendants be preliminarily and permanently enjoined from any further activity or conduct that infringes;

c. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, Temu and Dhgate, Made-In-China.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo shall:

   1. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patents;

   2. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patents; and

   3. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED October 24, 2025.                                Respectfully submitted,

                                                       By: */s/ Steven G. Kalberg*
                                                       David R. Bennett
                                                       Steven G. Kalberg

**DIRECTION IP LAW**
P.O. Box 14184
Chicago, Illinois 60614
Tel: (312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Counsel for Plaintiff
Erchonia Corporation LLC*